UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nico Coty Toscani, # 271224,<br>*aka* John David Leatherwood,<br><br>        Plaintiff,<br><br>vs.<br><br>Kathe Litton, *Columbia Headquarters ADA Coordinator*;<br>Warden Pate, *in individual and official capacity*;<br>Chaplain Cleveland Stokes, *in individual and official capacity*;<br>HCA Pamela Derrick, *in individual and official capacity*;<br>Dr. Thomas Byrnes, *in individual and official capacity*;<br>Lt. Tyler, *Handicap Unit Lt., in individual and official capacity*;<br>Major Worrock,<br><br>        Defendants. | **C/A No. 8:11-3171-RBH-JDA**<br><br>**Report and Recommendation**<br>on<br>Plaintiff''s Motion for TRO |

_____

   This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

   In an order filed in this case on November 23, 2011, the undersigned authorized service of this case. On December 7, 2011, Plaintiff submitted an Amended Complaint adding one defendant and a motion for a temporary restraining order ("TRO").

Plaintiff cannot satisfy the "attorney certification" requirement for a TRO required under Rule 65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court.  Accordingly, the motion for TRO should be denied.

Even if the Court were to construe Plaintiff's motion as a request for a preliminary injunction under Rule 65(a) rather than a request for a TRO under Rule 65(b), under Rule 65(a), a district court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1).  Plaintiff has not served this document on Defendants even though the Court apprised Plaintiff that he is responsible for service of documents filed between the issuance of the Court's Order authorizing service on November 23, 2011 and the filing of the Answer by Defendants. [*See* Doc. 9 at 3.]  Accordingly, even if the motion were construed as one for a preliminary injunction, the motion should be denied.

It is, therefore, recommended that Plaintiff's motion for TRO be denied *without prejudice* to Plaintiff's right to file a motion for preliminary injunction.  Plaintiff's attention is directed to the Notice on the next page.

|  |  |
|---|---|
| | s/Jacquelyn D. Austin |
| December 13, 2011 | Jacquelyn D. Austin |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).