IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Nico Coty Tosconi a/k/a John David Leatherwood, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Kathe Litton, *Headquarters ADA Coordinator in individual and official capacity*; Warden Pate, *in individual and official capacity*; Chaplain Cleveland Stokes, *in individual and official capacity*; HCA Pamela Derrick, *in individual and official capacity*; Dr. Thomas Byrnes, *in individual and official capacity*; Lt. Tyler, *in individual and official capacity*; Major Worrock; )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 8:11-cv-03171-RBH<br><br><br><br>**ORDER** |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is now before the court for review of the [Docket Entry 28] Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's

report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her R & R, the Magistrate Judge recommended that the court should deny Plaintiff's motion for a Temporary Restraining Order ("TRO") *without prejudice* to his right to file a motion for a preliminary injunction. *See* R & R at 2. Petitioner's objections to the R & R were due by January 3, 2012. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). To date, Petitioner has not filed any objections to the R & R.[1] Accordingly, the court is required to review the record for clear error only. *See Diamond*, 416 F.3d at 315. After such review, the court concludes, for reasons similar to those set forth by the Magistrate Judge, that Plaintiff's Motion for TRO should be denied, *without prejudice*. Therefore, the court shall adopt as modified the Magistrate Judge's R & R. Federal Rule of Civil Procedure 65(b)(1)(B) provides, in pertinent part, that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . (B) the movant's attorney certifies in writing any efforts made to give

---

[1] The court notes that Plaintiff has filed several letters since the Magistrate Judge issued her R & R on his TRO motion. However, upon review, in none of those various letters did Plaintiff set forth any objections to the R & R.

In addition, the court has also recently received a motion for an extension of time in which to file objections. *See* Motion for Time [Docket Entry 43]. However, the request for additional time is untimely. Plaintiff signed the motion for an extension of time on January 9, 2012, and the court received the motion on January 19. Using either of those dates as filing dates, Plaintiff's motion for an extension of time was *untimely-filed* after his objections were due on January 3, 2012, and should be denied as such. Moreover, in denying his motion for an extension of time, the court notes that while this Order ultimately also denies his Motion for a TRO, that denial is *without prejudice* to Plaintiff's right to re-file a motion for a preliminary injunction in the future.

notice and the reasons why it should not be required." The Magistrate Judge concluded that "Plaintiff c[ouldn't] satisfy the 'attorney certification' requirement for a TRO required under Rule 65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court." Upon review, the court notes that Plaintiff did not file, either himself or through an attorney, a written certification regarding his efforts made to give notice and reasons why notice should not be required in this case. Thus, regardless of whether a *pro se* prisoner can even satisfy Rule 65(b)(1)(B)'s attorney certification requirements, (*see* R & R at 2), it is clear that no such written certification was filed in this case by Plaintiff, himself, or any attorney on his behalf. Therefore, the court concludes that Plaintiff's Motion for TRO should be denied. However, the court does note that this denial shall be *without prejudice* to his right to file a motion for a preliminary injunction.

In addition, the court notes that Plaintiff also has filed a Motion to Stay his case. *See* Motion to Stay [Docket Entry 30]. However, in his recent motion for an extension of time, [Docket Entry 43], Plaintiff indicates that he "need[s] to withdraw the motion to stay and proceed with [this] case." Motion for Time at 1. Based on that statement, the court shall order that Plaintiff's Motion to Stay is withdrawn.

## Conclusion

Based on the foregoing, and after reviewing the record for clear error, it is therefore **ORDERED** that the Magistrate Judge's R & R is **adopted** as modified, and Plaintiff's [Docket Entry 18] Motion for TRO is hereby **DENIED**, *without prejudice* to his right to re-file a motion for a preliminary injunction in the future.

**IT IS FURTHER ORDERED** that Plaintiff's [Docket Entry 43] Motion for an Extension of Time is **DENIED**. Also, per Plaintiff's instructions, his [Docket Entry 30] Motion to Stay is

hereby **WITHDRAWN**.

    **IT IS SO ORDERED.**

                                                                         s/R. Bryan Harwell
                                                                         R. Bryan Harwell
                                                                         United States District Judge

Florence, South Carolina
January 26, 2012