IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nico Coty Toscani, aka John David Leatherwood, aka Nico Coty Tosconi,<br><br>                     Plaintiff,<br><br>            vs.<br><br>Kathe Litton, Headquarters ADA Coordinator; Warden Pate; Chaplain Cleveland Stokes; HCA Pamela Derrick; Dr. Thomas Byrnes; Lt. Tyler; and Major Worrock,<br><br>                     Defendants. | C/A No. 8:11-cv-3171 DCN JDA<br><br><br><br>**ORDER** |

     The above referenced case is before this court upon the magistrate judge's recommendation that defendants' motion for summary judgment be granted in part and denied in part and plaintiff's motion for preliminary injunction be denied.

     This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]   Objections to the magistrate judge's report and

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice

recommendation were timely filed on July 3, 2012 by defendants and on July 13, 2012 by plaintiff.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's Report and Recommendation is **AFFIRMED,** and defendants' motion for summary judgment is **GRANTED IN PART and DENIED IN PART**. Defendants' motion for summary judgment is denied with respect to the claims raised in Grievance Number ACI-0295011 – that the cafeteria is not ADA complaint, making it difficult for plaintiff to maneuver with his wheelchair.

The court takes notice that the defendants' "Objection" and the attendant Exhibits to the R&R should have been filed with defendants' motion to dismiss on January 27, 2012. There is nothing to indicate that this material was unavailable to defendants as of that date. Failure of defendants to fully brief and argue the matters addressed in their "Objection" to the R&R requires this court to remand plaintiff's claim to the Magistrate Judge so that she can address his final claim on a full record. Such piecemeal litigation is improper and will not be sanctioned by this court.

**IT IS FURTHER ORDERED** that Grievance ACI-0295-11 is remanded to the Magistrate Judge for reconsideration in light of the material that was provided to the court as Exhibits to defendants' "Objection" to the R&R, so that the "Objection" may be considered as a new motion for summary judgment. Plaintiff shall have until April 1, 2013 to respond to defendants' new motion for summary judgment.

---

must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction is **DENIED**.

**AND IT IS SO ORDERED.**

David C. Norton
United States District Judge

February 12, 2013
Charleston, South Carolina

### *NOTICE OF RIGHT TO APPEAL*

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure